**Randy TAYLOR, Appellant,**

v.

**Alfred Junior GENTRY, Appellee.**

**No. 17400.**

Court of Civil Appeals of Texas, Fort Worth.

April 13, 1973.

Rehearing Denied May 18, 1973.

Kelly, Walker & Liles, and Jearl Walker, Fort Worth, for appellant.

Steves, Morgan & Bodoin, and Robert R. Bodoin, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Alfred Junior Gentry brought suit for both actual and exemplary damages against Randy Taylor because of alleged wrongful assault and battery. The verdict of the jury convicted defendant Taylor as charged, and the judgment based thereupon was for both actual and exemplary damages.

Reversed and remanded.

With language of the instruction altered to fit the facts of the instant case, the phraseology of Special Issue No. 1, in answer to which the jury found that Taylor's assault upon Gentry was wrongful,

was substantially that approved in Grieger v. Vega, 153 Tex. 498, 271 S.W.2d 85 (1954). See also Bradford v. Fort Worth Transit Company, 450 S.W.2d 919 (Fort Worth, Tex.Civ.App., 1970, writ ref., n. r. e.) where there was submission of the same question to the jury in a case of analogy.

■ In neither *Grieger* nor *Bradford* was there occasion to consider impropriety of the manner of submission for want of instruction relative to some defensive theory raised by evidence in addition to that of self-defense. In the instant case there is contention complaining of the issue and instruction, as submitted, under the theory that the evidence raised the issue of accident in connection with plaintiff's injury. Examination of the record reflects that such issue was neither raised by pleading or evidence. The complaint is overruled.

In view of the manner of submission of the issue upon actual damages there would not be reversible error because of the defendant's complaint. However our holding is that as applied to the manner of submission of the issue upon exemplary damages that same complaint, raised and preserved because of the manner of submission of the question, does amount to reversibile error.

The jury found $9,000.00 as the amount of exemplary damages. Presumably, the jury followed the instruction of the court, made a part of the issue, as follows: "In assessing exemplary or punitive damages, if any, you may take into account reasonable expenses for legal services and legal proceedings and trial preparation, if any. You may also consider in assessing exemplary or punitive damages, if any, what sum would be an appropriate amount calculated to deter and/or discourage future acts like or similar to any malicious and/or willful and intentional conduct of the defendant, Randy Taylor, in this case, if any such conduct you have so found."

■ Objection to the manner of submission of the exemplary damages issue included the following: "Defendant objects and excepts to Special Issue No. 6 of the Court's charge because same fails to instruct the jury that in determining the amount of exemplary damages to be awarded plaintiff that the jury may take into consideration the manner and conduct of the plaintiff towards the defendant at time of the altercation, and if the manner and conduct were such as in the jury's opinion amounted to a provocation on plaintiff's part in bringing about the difficulty, then his damages, if any, should be reduced by such a sum, if any, as in the opinion of the jury might seem proper."

There was evidence upon provocation for the defendant's assault which raised the issue of mitigation of damages, both actual and exemplary. Under the language of the issue upon actual damages we do not detect reversible error as applied thereto. However, under the language of the issue upon exemplary damages, our holding is that there was reversible error in the manner of submission. Such error existed pursuant to the refusal, over objection, to include in the instructions pertaining to and made a part of the issue the element of provocation, if any, for the defendant's assault upon plaintiff, to be considered in mitigation of damages. 6 Tex.Jur.2d 388, "Assault and Battery", Sec. 153, "Damages".

■ In an abundance of precaution there was a Specially Requested Instruction in writing tendered to the court, and by the court refused, which would have directed consideration by the jury of whether the manner and conduct of the plaintiff toward the defendant amounted to provocation for the assault, and, if so that there accordingly be a reduction in the amount of exemplary damages, if any. Such was unnecessary and accordingly properly overruled because the error was raised by proper objection to the issue and instruction which was submitted. Yellow Cab and Baggage Company v. Green, 154 Tex. 330, 277 S.W. 2d 92 (1955).

Mitigation of damages was no part of the allegations of the defendant, who went to trial on a general denial. But the issue of mitigation of damages was raised by the general denial because the evidence thereupon would be such as tended to disprove facts alleged in the plaintiff's petition. It is only where the defendant desires to introduce evidence of a fact which does not tend to rebut the facts of a plaintiff's case, but which shows independent reason why the plaintiff should not recover upon the case stated and proved that the defendant must bear the burden of pleading affirmatively, as in an instance of confession and avoidance, etc. Moulton v. Alamo Ambulance Service, Inc., 414 S.W.2d 444, 448 (Tex.Sup., 1967); 75 A.L.R.2d 473, Annotation: "Pleading matter in mitigation of damages in tort action other than libel and slander".

While evidence was admitted which raised the issue of provocation for the defendant's assault and battery, there was other evidence bearing upon such issue which was excluded. We hold this exclusion of evidence to have been erroneous and to have constituted reversible error under Tex.Rules of Civ.Proc. 434, "If Judgment Reversed". Not only do we so hold relative to the issue of provocation as such issue bore upon the matter of exemplary damages, but also as such evidence related to the theory of self-defense, etc., made a part of the inquiry of Special Issue No. 1. It was in answer to such issue that the jury found the defendant's assault upon the plaintiff to have been wrongful.

The evidence which was excluded by the court was exhibited in the record by Bill of Exceptions. It was the evidence of a Mr. Blasingame, owner and operator of the bar and/or lounge in which the defendant was present as a patron immediately prior to the assault.

Before stating the substance of the excluded testimony we will speak of the events which occurred on the evening of the assault immediately prior to its occurrence. It was after the entry of defendant and his companion, who was his date, upon the Blasingame premises that the plaintiff entered and took a position at the bar very near the door. This door opened upon the parking lot where defendant had parked his automobile. Plaintiff's position was on the route to be taken by the defendant and his companion as they departed the premises. In other words to make their exit the defendant and the woman with him would find it necessary to pass close by the plaintiff in order to open the door to go outside. Plaintiff, shown to have a reputation as a "barroom brawler" and all-round fighter, had within the week prior to the evening on which the assault occurred made threats that he intended to "whip" the defendant. These threats had been imparted to the defendant by third persons. There had been no encounter of the parties since the threats had been made until this particular evening. Defendant testified that in part, at least, his departure from the premises was to avoid any trouble with plaintiff. This evidence was introduced, to be believed or disbelieved by the jury as it might choose.

As defendant started to leave, Mr. Blasingame called to him from his position behind the bar. To approach Blasingame to learn what was wanted the defendant allowed his woman companion to stand and wait a moment (about half-way between plaintiff and defendant) while he conversed with Blasingame. On the Bill of Exceptions, Blasingame's tendered testimony was, as follows: "Well, I stopped him and—he came to the bar and shook hands and I said, 'Where are you going?' And he said, . . 'Well, Alfred is up here and I want to get out of here before something happens.' And I said, 'You don't have to worry about anything in here, man.' I said, 'He's not going—in the first place, he hasn't paid any cover charge and he's not going back there where you're at and he's not getting back there any other way. Why don't you stay and have a good time?' And he said, 'No, I want to leave now before anything—in case anything ever happens, you

know, I'm going to get out before it all happens.' So I thanked him and he left."

Defendant tendered Blasingame's testimony "to show the frame of mind and the intent of the defendant, Randy Taylor, and not for the truth of any matters stated therein." The court sustained the plaintiff's objection to introduction of the testimony and excluded it on the ground that it was hearsay and self-serving.

Immediately after he had said good-bye to Blasingame the defendant rejoined his date and proceeded to walk toward the door, necessarily passing by the plaintiff. As defendant and his companion so proceeded the plaintiff was to the defendant's left and his date to his right, and he had his right arm around her waist. In defendant's left hand, at his side, he was carrying a "Fifth" (about three-fourths of a quart) of Jack Daniels whiskey in a square-type bottle. The bottle was along side his left leg as he walked. Defendant was "right-handed". According to defendant's evidence, though there is considerable dispute, the plaintiff "flipped" a lighted cigarette so that it struck defendant's companion as they passed by the point where the plaintiff was situated. In instant retaliation, and automatically and without prior intent or plan, according to his own testimony, the defendant "swung the bottle", or "raised and swung the bottle" so that it struck the left side of plaintiff's face. It was a terrific blow. Plaintiff fell to his knees. The force of the blow knocked out nine teeth. Later he had to have extracted by a dentist two additional teeth, or portions of teeth.

Blasingame's proffered testimony was most cogent upon the matter of defendant's state of mind at the moment of the assault. He was supposedly an impartial witness. We are convinced that his evidence, used as circumstantial evidence, does not fall within the inhibition of the hearsay rule and therefore was erroneously excluded. In other words, Mr. Blasingame's testimony was admissible evidence as an exception to the hearsay evidence rule, constituting an expression of the defendant's mental condition or state of mind at the time of making the statements to Blasingame and at time of the assault. Specifically, the tender of such testimony was limited to such, and it was not tendered to prove the truth of any matter stated or expressed. See VI, Wigmore on Evidence, 3rd Ed., Book I, "Admissibility", Title II, "Analytic Rules", Sub. Title II, "Exceptions to the Hearsay Rule", and Sub. Title III, "Hearsay Rule not Applicable", generally, and especially Sec. 1790, "Utterances indicating Circumstantially the Speaker's Own State of Mind".

■ We have spoken of provocation. Provocation does not furnish justification for an assault although it may be considered in mitigation of damages. 6 Tex.Jur.2d, p. 375, "Assault and Battery", Sec. 136, "Effect of provocation". The evidence we hold admissible in the preceding paragraph would be germane not only to the provocation, but also to the element of self-defense (including defense of one in another's care) which was by the court defined for the jury in connection with its consideration of Special Issue No. 1. It was in answer to this issue that the jury found the defendant's assault to have been wrongful. As related to the element of self-defense, etc., reversible error under T.R.C.P. 434 is apparent since it is made to appear that complainant has been harmed by the error in that a finding of fact against him was controlled by, or probably resulted in whole or in part because of the exclusion of the Blasingame testimony. McCarty v. Gappelberg, 273 S.W.2d 943 (Fort Worth, Tex. Civ.App., 1954, writ ref., n. r. e.), 46 A.L.R.2d 93.

Earlier we have stated our holding that reversible error resulted as applied to the issue on exemplary damages by reason of the same exclusion of testimony. We have additionally held that there was error in the omission of an instruction relative to defendant's provocation in the issue on exemplary damages.

Other matters of complaint have been severally examined and are all overruled as either not presenting error, or in any event not presenting reversible error.

Judgment is reversed and the cause remanded.