Noe DIAZ and Alice Diaz, Appellants,

v.

Frank DEAVERS, Appellee.

No. 1175.

Court of Civil Appeals of Texas, Tyler.

Nov. 9, 1978.
Rehearing Denied Dec. 14, 1978.

Jack Ritter, Jr., Austin, for appellants.

Roy Q. Minton, John C. Augustine, Minton, Burton & Fitzgerald, Austin, for appellee.

MOORE, Justice.

This is a suit for damages for personal injuries resulting from an assault. Appellant, Noe Diaz instituted suit against appellee, Frank Deavers, alleging he suffered personal injuries to his left jaw bone and face when Deavers struck him with a wrench.[1] Appellee answered with a general denial and affirmatively alleged that Diaz provoked the difficulty and that at the time he struck Diaz, he was acting in self-

---

1. Appellant's wife, Alice Diaz, also sued for damages for assault. Pursuant to the jury's verdict a "take-nothing" judgment was ren-dered against her about which she makes no complaint on this appeal.

defense. In response to the following numbered special issues the jury found that (1) Deavers committed an assault and battery on Diaz; (2) Diaz's injuries were the direct and natural result of the assault and battery; (3) that in striking Diaz appellee was acting in self-defense; (4) that the conduct of Diaz would provoke a reasonably prudent man to commit an assault and battery; (5) that the damages suffered by his injuries were "nothing"; (6) that Deavers was not actuated by malice in striking Diaz. Pursuant to the verdict the trial court entered a "take nothing" judgment against appellant Noe Diaz. Subsequent to the entry of judgment, appellant filed a motion captioned "MOTION FOR JUDGMENT N.O.V., OR FOR NEW TRIAL." After the motions had been overruled, appellant perfected this appeal.

We affirm.

■ Under his first point appellant asserts that the trial court erred in refusing to submit his requested instruction explaining the meaning of the term "self-defense" as used in Special Issue No. 3 inquiring as to whether Deavers acted in self-defense. Appellant argues that his instruction was substantially correct while that submitted by the trial court was erroneous. In reply, appellee says that appellant waived any right to complain of the action of the court in refusing the requested instruction because appellant failed to assign such refusal as a point of error in his motion for new trial. We agree with the position taken by appellee. Accordingly, appellants' first point is overruled.

■ Since this case was tried before January 1, 1978, the question of whether appellant properly preserved his right to complain of the alleged error must be determined on the basis of the Rules of Civil Procedure as they existed before that date. Prior to January 1, 1978, Rule 324, Tex.R. Civ.P., provides as follows:

"In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in giving a peremptory instruction, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or in overruling a motion for judgment on the verdict made by the party who becomes appellant . . . ."

Prior to January 1, 1978, Rule 374, Tex.R. Civ.P., provided:

"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived. . . ."

Thus appellant was obligated to file a motion for new trial distinctly setting forth each error complained of.

After judgment had been entered, appellants filed a motion captioned "MOTION FOR JUDGMENT N.O.V., OR FOR NEW TRIAL." Both motions appear to have been incorporated in one instrument. The initial paragraph of the instrument reads as follows:

"NOE and ALICE DIAZ, Plaintiffs, respectfully move the Court under Rule 301, T.R.C.P., to disregard the findings of the Jury or [sic] Special Issues Numbers 3, 4, and 5, and to render judgment for Plaintiff NOE DIAZ for $11,627. As reasons for their request Plaintiffs would show:"

(Here follows allegations alleging that the jury's findings to Special Issues 3, 4, and 5 are not supported by any evidence and that such findings are against the overwhelming weight and preponderance of the evidence.)

Then follows the prayer which reads as follows:

"WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court disregard the jury's answers to these three Special Issues and render judgment for Plaintiff NOE DIAZ for $11,627 and for costs of Court, together with interest at 9% from date of judgment until fully paid, and for execution if not timely paid."

The instrument next recites:

## "ALTERNATE PLEA

"In the unlikely event that the Court should decline Plaintiffs' prayer, above, then Plaintiffs move the Court to set aside the verdict returned by the jury and grant a new trial in another County. Plaintiffs say in support of such motion that the jury's verdict is manifest evidence of such bias, prejudice and partiallity [sic] in Bastrop County in favor of TIP DEAVERS and/or against Plaintiffs that a fair and impartial trial can not be obtain [sic] there, and/or that there exists in such County a combination against Plaintiffs instigated by infuential [sic] persons by reason of which Plaintiffs cannot expect a fair and impartial trial.

"WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the jury's verdict be in all things set aside, that a mistrial be declared, that a new trial be granted, and that venue be transferred to Travis County, Texas, or another County convenient to the parties, the witnesses and attorneys, where the Court believes a fair trial may be had.

## "SECOND ALTERNATE PLEA

"In the even more unlikely event that the Court should not see fit to grant either form of relief requested above, then Plaintiffs respectfully move the Court to set aside the verdict of the jury and grant a new trial in Bastrop County."

By the wording of the foregoing instrument, it is clear that the portion of the instrument following the term "ALTERNATE PLEA" was intended to constitute the motion for new trial. Contrary to appellant's contention, we do not believe the grounds assigned in the motion for judgment n. o. v. can be considered as grounds for the motion for new trial. Orderly procedure requires that each motion be considered separately.

Nowhere in the motion for new trial do we find any assignment of error complaining of the action of the court in refusing his requested instruction defining the term "self-defense." Since the ground of error was not distinctly set forth in the motion for new trial the complaint was waived. *Field v. Sosby,* 226 S.W.2d 484, 486 (Tex. Civ.App.–Waco 1950, writ ref'd); *Adams v. State Board of Insurance,* 319 S.W.2d 750, 757 (Tex.Civ.App.–Houston 1958, writ ref'd n. r. e.).

By the second point appellant contends that the court erred in overruling his motion for judgment notwithstanding the verdict because there is no evidence to support the answer to Special Issue No. 3 in which the jury found that the appellee was acting in self-defense.

Upon this issue of self-defense the trial court instructed the jury as follows:

"Upon the law of self defense you are instructed that when a person is attacked or threatened with an attack by another, and there is created in the mind of the person so attacked a reasonable expectation or fear of death or of serious bodily injury, then the law excuses or justifies such person so attacked in resorting to any means at his command to prevent his assailant from taking his life or inflicting upon him any serious bodily injury, and it is not necessary that there should be actual danger as a person has a right to defend his life and person from apparent danger as fully and to the same extent as he would had the danger been real, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time; and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant.

"You are instructed that if he reasonably believed that danger was imminent, he had the right to strike the first blow and did not have to wait until he was struck; however, he must use only that degree of force which appeared reasonably necessary to repel a threatened violence.

"You are further instructed that serious bodily injury means such injury as gives rise to an apprehension of danger to life, health or limb."

The testimony shows that a short time before the incident in question, Diaz discovered that his registered bull had been injured and was limping in both hind legs. Appellant's farm adjoined the farm owned by Buck Scallorn where appellee, Deavers, had arranged for the pasturing of some of his cattle. Scallorn told appellant that their bull had gotten on his land and that he and Deavers had put the bull back on Diaz's land. After receiving this information, Diaz and his wife drove to Deavers' farm. Upon arriving there Diaz drove to the workshop where Deavers was sharpening a lawn mower blade on a grinder. Diaz entered the workshop unannounced and approached Deavers and said "Are you Deavers"? When Deavers answered in the affirmative, Diaz accused him of injuring his bull, stating: "You are not going to get away with hurting my bull." Deavers testified that from his facial expression, he could tell that Diaz was furious. He testified that he told Diaz that he did not injure his bull and requested Diaz to leave the premises; that he walked back to the grinder and continued to grind the blade; that Diaz followed him and continued to remonstrate with him about injuring his bull. He testified that he again advised him to leave and then left the workshop and went outside to attach the blade on a mower by the use of a large box wrench. While he was down attaching the blade on the mower, he testified Diaz stood over him with his hand on his knees again stating "You are not going to get away with hurting my bull," and that he again requested Diaz to get off of his property. At that point, he testified that Diaz raised his left hand and when he

did he struck Diaz with the wrench. Deavers testified that since Diaz appeared to be furious and continued to follow him around yelling at him in a loud voice, he concluded that Diaz was on the verge of attacking him causing him serious bodily injury. He testified that the reason he feared serious bodily injury was that he had lost the use of his kidneys and had recently received a kidney from his brother which had been transplanted in the abdominal section of his body immediately beneath the surface of the skin. Therefore, he testified, he knew any type of combat would be likely to destroy his transplanted kidney, resulting in his death or causing him to have to return to a hemodialyzer machine for the remainder of his life.

Appellant Diaz argues that in order to establish the right of self-defense, appellee's conduct must be viewed objectively and must be measured by the conduct of a reasonable man rather than subjectively as it appeared to appellant at the time. Based on this premise appellant argues that since the evidence shows nothing more than a mere verbal provocation, such proof would be wholly insufficient, as a matter of law, to create in the mind of a reasonable man a reasonable apprehension of serious bodily injury. Consequently, he contends that there is no evidence to support the finding that appellee acted in self-defense. We do not agree with this proposition.

■ Although sec. 9.31(b)(1), Tex.Pen. Code Ann. (Vernon's 1974), provides that the use of force against another is not justified in response to verbal provocation alone, as we view the record, the acts and conduct of Diaz amounted to something more than mere verbal provocation.

■ In determining whether there is any evidence to support the jury's finding of self-defense, it becomes our duty to consider the evidence in its most favorable light in support of the finding, considering only the evidence and reasonable inferences to be drawn therefrom and disregarding that which is to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

Upon applying this rule, we are of the opinion that there was some evidence of probative force to support the jury's finding.

Our statutes provide a person is justified in using force against another to the degree that he reasonably believes necessary to protect himself. Sec. 9.31(a), Tex. Pen.Code Ann. The trial court instructed the jury that in order to claim the right of self-defense his apprehension of danger must have been reasonable. In our view, the words used by Diaz, together with his demeanor in pursuing the appellee from place to place and in finally raising his left hand while appellee was down attaching the blade to his mower, constituted some evidence of probative force that appellee reasonably believed it was necessary to use force to protect himself. Consequently, we are of the opinion that there was ample evidence to support the finding that he acted in self-defense. Accordingly, the second point is overruled.

In the third and fourth points appellant asserts that the trial court erred in overruling his motion for new trial because there was insufficient evidence to support the jury's finding that the appellee acted in self-defense and that Diaz provoked the difficulty as found by the jury in response to Special Issues Nos. 3 and 4, respectively. In the sixth point appellants assert that the trial court erred in overruling their motion for new trial in that the jury's finding of no damages in response to Special Issue No. 5 is against the great weight and preponderance of the evidence.

As pointed out in our discussion under the first point, in order for appellant to complain of an adverse ruling on appeal the alleged error must be set forth as an assignment of error in his motion for new trial. We find nothing in appellants' abbreviated motion for new trial indicating that he sought a new trial on the ground that the jury's findings to Special Issues Nos. 3, 4 and 5 were factually insufficient or were against the overwhelming weight and preponderance of the evidence. Consequently, the complaints made in points 3, 4 and 6 will be considered as waived for the same reasons heretofore discussed under the first point.

Under the fifth point appellant asserts that the trial court erred in overruling his motion for judgment notwithstanding the verdict because the jury's finding that Diaz suffered no damages, in response to Special Issue No. 5, is erroneous as a matter of law. Appellant argues that although the jury was authorized to reduce the damages after having found that appellant provoked the difficulty, the jury was not authorized to find he suffered no damages in view of the undisputed proof showing he suffered substantial damages. We find no merit in this contention.

A defendant who acts in self-defense at the time he inflicted the injuries is not liable for any damages on account of such injuries. *Koons v. Rook,* 295 S.W. 592, 596 (Tex.Comm'n App.–1927); *Lee v. Thomas,* 534 S.W.2d 422, 427 (Tex.Civ.App.– Waco 1976, writ ref'd n. r. e.). Thus, the jury having found that appellee acted in self-defense, the finding on the damage issue was rendered immaterial. In view of the finding on the self-defense issue, it would have been the duty of the trial court to render the judgment that it did render even if the jury had answered that appellant was damaged in a substantial amount. *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334, 335 (Tex.Comm'n App.1939). The fifth point is overruled.

Under the seventh and final point, appellant contends that the cause should be reversed and remanded for a new trial due to the fact that the court reporter lost eight exhibits consisting of photographic slides depicting the injuries received by appellant as a result of the assault. It is undisputed that the exhibits were lost by the court reporter after having been introduced in evidence. It is likewise undisputed that in no way were either appellant or appellee responsible for their loss. It is also undisputed that the photographic slides cannot be duplicated or reproduced. Appellant maintains that since he has been deprived a

material part of the record, this court should exercise its inherent power and reverse and remand the cause for new trial. He argues that the situation here is comparable to a situation where the statement of facts have been lost.

We recognize the rule that a reviewing court may reverse a judgment where the appellant, without fault, has been deprived of a statement of facts. *Victory v. Hamilton,* 127 Tex. 203, 91 S.W.2d 697, 699–700 (Tex.Comm'n App.1936); *Goodin v. Geller,* 521 S.W.2d 158 (Tex.Civ.App.–Waco 1975, writ ref'd n. r. e.). We have found no case, however, and have been cited none, reversing a judgment solely because photographic exhibits were lost and not before the appellate court.

■ Generally, all evidence introduced in the court below should be brought forward in the record and made available for appellate review. Where exhibits in the nature of photographs are lost, the rule seems to be that a reversal will not necessarily be ordered unless it appears that the photographs are material to a proper determination of the cause. 4A C.J.S. Appeal and Error § 784 (1957).

Appellant argues that the slides would show that appellee, in exercising his right of self-defense, used more force than was reasonably necessary. He maintains that the slides would show that appellee struck him on the shoulder as well as in the face. Therefore, he contends that the slides are material on this appeal in determining whether there was any evidence of probative force to support the jury's finding that appellee acted in self-defense. We are not in accord with this proposition.

■ The record shows that the issue of self-defense, as well as the nature, location and severity of the injuries inflicted on appellant was fully developed before the court and jury by the testimony of the witnesses. The physician who treated appellant shortly after his injury described the nature and severity of the injuries in detail. Thus, as we have heretofore held, the oral testimony, standing alone, was of

sufficient probative force to support the jury's finding on each of the elements constituting self-defense. Consequently, the photographs were merely cumulative of the testimony delineating the amount of force used by appellee. Hence, even if the slides were before us and showed what appellant contends, they would serve only to create a conflict with appellee's testimony to the effect that he struck appellant only once. It is well settled that where a finding by the court or jury is supported in the evidence, it may not be disturbed on appeal even though the evidence is conflicting and the appellate court might have reached a different conclusion. *Arnold v. Caprielian,* 437 S.W.2d 620, 625 (Tex.Civ.App.–Tyler 1969, writ ref'd n. r. e.); *Dartez v. Gadbois,* 541 S.W.2d 502, 507 (Tex.Civ.App.–Houston [1st Dist.] 1976, no writ history). It follows that the absence of the photographs were not material to this court in determining whether the self-defense finding was supported by the evidence, nor would they have been material in connection with the factually insufficient evidence points since appellant failed to properly preserve those points for appellate review.

The judgment of the trial court is affirmed.