**E.R. MILLER, Appellant,**

v.

**TOWNE SERVICES, INC., et al., Appellees.**

No. 01–82–0947–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 26, 1984.

John Cash Smith, Orange, for appellant.

S.R. Lewis, Jr., Galveston, Spencer G. Markle, Houston, Gerson D. Bloom, Galveston, for appellees.

Before EVANS, C.J., and BASS and COHEN, JJ.

## OPINION

BASS, Justice.

This is an appeal from a judgment in an action for an assault and battery in which the plaintiff, E.R. Miller, was awarded $60,657.87. There were three defendants to the cause of action, but after the jury returned its verdict, the court entered judgment only against the defendant, Manuel Martinez, Jr.

The judgment is affirmed.

Appellant filed suit against Towne Services Inc., d/b/a Towne Van Lines, and Manuel Martinez, Sr., and Manuel Martinez, Jr., d/b/a Pyramid Van Lines, for injuries resulting from an assault and battery. The appellant had contracted with the two Martinezes to move his household goods from Mexia to Crystal Beach. The Martinezes did not have a motor carrier permit, which allows for non-local moves, and it was only because of an agency agreement between them and Towne Services, Inc., d/b/a Towne Van Lines, that they were able to perform the contract. The agency agreement labeled Martinez, Sr.'s company "Pyramid Van Lines" for all moves conducted under the agreement, and further required that the Martinezes follow the regulations promulgated by the Texas Railroad Commission, which included a set rate for charges and procedure for payment. After arriving at Crystal Beach, the parties discovered that there was either a misunderstanding or misstatement about the cost of the move, and as a result, the appellant did not have sufficient cash to pay the amount due under the invoice. The Martinezes, because of the proscribed procedure, could not unload the furniture until they had been paid. An argument erupted, and tempers escalated to the point that the appellant grabbed a .22 caliber rifle, laying on a nearby table, and threatened the Martinezes. Somehow, Martinez, Jr. managed to take the rifle away from the appellant, and then things "calmed down considerably." After further discussion, the parties agreed that the movers would return the next day and deliver the furniture, after the appellant had him procure the necessary cash. The two Martinezes then got into the truck to leave with Martinez Sr. carrying the appellant's rifle. The appellant objected to their taking the gun, and attacked Martinez, Sr. At that point, Martinez, Jr. became involved in the fight, and struck a blow to the appellant's face, which caused severe injury.

The appellant filed suit against both Martinezes for assault and battery, and against Towne Services, Inc., the primary moving

company, under the doctrine of respondeat superior. Nowhere in the plaintiff's amended petition, the operative pleading in this case, is there an allegation which asserts liability of the defendant, Manuel Martinez Sr., d/b/a Pyramid Van Lines, under that same doctrine. The defendants, the Martinezes, counter claimed for damages suffered due to the assault and battery the appellant had committed against them. Although the case was tried to a jury, the appellant failed to request any issues concerning liability of either Towne Services or Manuel Martinez, Sr. d/b/a Pyramid Van Lines, based on the doctrine of respondeat superior.

The jury found that each of the three men had committed an assault and battery, but the tort committed by appellant did not injure the Martinezes, and Martinez, Sr.'s actions were taken in self-defense. The judge, in accordance with the jury's verdict, entered judgment in favor of the appellant and the defendants, Towne Services and Manuel Martinez, Sr. and against the defendant, Manuel Martinez, Jr.

In his first point of error, appellant contends the trial court erred in entering judgment for Towne Services, Inc., because, as the holder of a specialized Motor Carrier Permit, Towne Services had a non-delegable duty to prevent the tortious injury to its customers. The policy of the Motor Carrier Act, Tex.Rev.Civ.Stat.Ann. Art. 911b (Vernon 1964, Vernon Supp.1982), stated in section 22b, includes the goal that the highways be rendered safe for use by the general public.

■ The courts have construed the act as placing a non-delegable duty upon the original permit holder to prevent harm caused by the *negligent* operation of the motor carriers by his appointed agents. *Berry v. Golden Light Coffee Co.*, 160 Tex. 128, 327 S.W.2d 436 (1959); *Greyhound Van Lines v. Bellamy*, 502 S.W.2d 586 (Tex.Civ.App.—Waco, no writ). Appellant argues that this non-delegable duty extends to harm resulting from intentional torts committed by a permit holder's agents, and cites *Dillingham v. Anthony*,

73 Tex. 47, 11 S.W. 139 (1889). The agent in *Dillingham, supra,* was found to be an employee, a factor which is crucial, and one that is not present in the Towne Service/Martinez agency relationship. See, *Newspapers, Inc. v. Love*, 380 S.W.2d 582 (Tex.1964). Furthermore, in *Dillingham* the court stated that this non-delegable duty applied to the *carrier of passengers,* who were held to a higher degree of care in protecting its passengers from injury by either third persons or the carrier's own employees. The public policy behind applying this higher duty of care to a carrier of persons is not present with a carrier of goods, and we refuse to impose such a duty in this type of situation.

■ The test for determining liability for intentional torts in an agency, rather than a master/servant, relationship is whether the actions taken by the agent were within the scope of the authority granted to him by the principle. We agree that the record in the case at bar establishes, as a matter of law, that Manuel Martinez, Sr. d/b/a Manuel's Moving and Storage and Pyramid Van Lines, and his son, Manuel Martinez, Jr. were the agents of Towne Services, Inc. This agency agreement, embodied in both a written contract between Towne Services and Martinez, Sr. and the course of dealings between all of the parties, granted the Martinezes the authority to make intrastate moves. However, there were no issues requested, and the evidence did not establish as a matter of law, that either of the Martinezes, by engaging in a fist-fight over a gun, were acting within the scope of their authority under that agency agreement. A contrary conclusion could be drawn from the uncontroverted evidence that the Martinezes had resolved the initial dispute over the charges and were leaving the premises, when Martinez, Sr. was confronted by the appellant, and the second fight began. It was during this fight that Martinez, Jr. became involved and allegedly struck the blow which injured the appellant. In light of this evidence, and the fact that the appellant did not even request an issue concerning

Towne's potential liability, we hold that the court did not err in entering judgment in favor of the defendant, Towne Services, Inc.

Appellant's first and second points of error are overruled.

In his third and fourth points of error, appellant contends the trial court erred in failing to render judgment against Manuel Martinez, Sr., because the evidence produced at trial establishes that Manuel Martinez, Jr. was Manuel Martinez, Sr.'s employee acting within the course and scope of his employment.

■ There were numerous statements in the record, from both Martinezes, that the younger Martinez was indeed an employee of Manuel's Moving and Storage and was, in fact, acting in a managerial capacity for that company. Under the test set forth in *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex.1967) this, together with a finding of "course and scope", would have been sufficient to hold Martinez, Sr. liable, in his capacity as the owner of "Manuel's", under the doctrine of respondeat superior.

■ However, it is unnecessary to analyze appellant's arguments under *Fisher*, because pursuant to Tex.R.Civ.Pro. 301, a judgment must correspond to the issues raised by the pleadings, the nature of the case proved, and the verdict. In the plaintiff's first amended petition the appellant made the following allegations.

Comes now E.R. MILLER, hereinafter called Plaintiff, complaining of Towne Services, Inc. d/b/a Towne Van Lines, Manuel Martinez, Sr. and Manuel Martinez, Jr., d/b/a Pyramid Van Lines, hereinafter called Defendants, and files this his First Amended Petition and cause therefore, would show the court as follows:

I.

... Pyramid Van Lines are owned by Manuel Martinez, Sr. and Manuel Martinez, Jr. and is a business in Galveston County Texas, with its principle place of business in said city...

III.

... The Plaintiff would further show that the defendants Manuel Martinez, Sr. and Manuel Martinez, Jr. were not only acting and working for Pyramid Van Lines at the time of the incident in question, but were also acting as agents and/or employees of Towne Services, Inc. Therefore, *the doctrine of Respondeat Superior should be applied to Towne, Inc.* and it should be held legally responsible for the acts of its agents or employees. (emphasis added)

V.

Plaintiff would show that defendant, *Manuel Martinez, Sr. was acting in a managerial capacity for defendant Towne Services Inc.* d/b/a Towne Van Lines, at the time of the occasion in question, and *that said defendant, Towne Services, Inc. is legally responsible for the acts of Manuel Martinez, Sr.*, even though such acts may be found to intentional. (emphasis added)

VI.

Plaintiff would show that defendant, Manuel Martinez, Sr., and Manuel Martinez, Jr. were not independent contractors for defendant, Towne Services, Inc. d/b/a Towne Van Lines, and that in fact, at the time of the incident complained of, *Manuel Martinez, Sr. and Manuel Martinez, Jr. were agents of the principal Towne Van Lines, which is legally responsible* for the acts of its agents under the facts presented in this case.

These are the only allegations which refer to the business owned by Martinez, Sr., and it is evident that although appellant raised the issue of respondeat superior with regard to his cause of action against Towne, he did not plead that same basis for recovery against Martinez, Sr. as owner of Manuel's Moving and Storage and Pyramid Van Lines. Furthermore, nowhere in this pleading is there any reference to Manuel

Martinez, *Jr.* acting in a "managerial capacity" for his father's business. Although in paragraph one, the appellant made reference to the fact that Martinez, Sr. owned "Pyramid Van Lines", this statement appears to have been made solely for the purpose of establishing venue for this cause of action. In the absence of additional allegations, the plaintiff's petition did not sufficiently alert the defendant that he was being sued on any theory except in his individual capacity and as an agent for Towne.

We acknowledge that the appellant's allegations in paragraph three, which stated that the Martinezes were acting and working for Pyramid, might normally be sufficient to alert a defendant that he was being sued in his capacity as an employer. However, in this instance, the appellant went on to clarify the purposes of that general statement by specifically alleging that it was Towne Van Lines who had employed Martinez, Sr. in a managerial capacity, and that Towne was liable under the doctrine of respondeat superior. These specific, narrow allegations clearly delineated the theories under which the cause of action was being brought, and these pleadings do not include the theory that Martinez, Sr. was liable under the doctrine of respondeat superior.

Additionally, we find it significant that Martinez was only sued "d/b/a Pyramid Van Lines", the name given to his company by Towne Services to be used exclusively for the moves conducted pursuant to the agency agreement. He was not sued d/b/a "Manuel's", the name he had used for his family-owned business for over thirty years. This distinction between the two names becomes important only because any liability which may have been attributed to Towne Services would have been exclusively based on its status as a principal under the agency agreement. Therefore, the appellant could only reach Towne Services through Pyramid Van Lines, the label given to Martinez, Sr.'s company under that agreement. If the appellant wanted to sue Martinez, Sr. as an employer of his son, he should have alleged either that Martinez,

Sr. was liable under the theory of respondeat superior, or that Manuel Martinez, *Jr.* was acting in a managerial capacity for his father's company or, at the very least, alleged that Martinez, Sr. was liable d/b/a "Manuel's Moving and Storage".

Furthermore, we cannot find that the theory of Martinez, Sr.'s liability as an employer was tried by implied consent, because the same evidence, which served to establish some of the elements of respondeat superior, was also necessary for the appellant's recovery under the agency against Towne Services, Inc.

Texas pleading practice requires that a plaintiff set forth his cause of action in plain and concise language. Tex.R.Civ. Pro. 45, and the trial court may not enter judgment against a defendant upon a theory of recovery not sufficiently set forth in the plaintiff's petition, or otherwise tried by implied consent. Therefore, under this court's holding in *Texaco, Inc. v. Wolfe*, 601 S.W.2d 737 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) the court was precluded from entering judgment against Martinez, Sr., under the theory of respondeat superior.

Appellant's third and fourth points of error are overruled.

Cross appellant, Martinez, Jr., contends the trial court erred in failing to instruct the jury on provocation as a mitigating factor, when the same was raised by the evidence. Cross appellant neither pled nor requested the issue of provocation. Although, in absence of a pleading, cross appellant would have been entitled to an instruction on provocation if requested, *Taylor v. Gentry*, 494 S.W.2d 243 (Tex.Civ. App.—Fort Worth, 1973, no writ), it was still his burden to request it. In the absence of such a request, or an objection to the court's omission of the instruction, the right to an instruction on provocation was waived. Tex.R.Civ.Pro. 279.

Cross appellant's first point of error is overruled.

Cross appellants second point of error asserts that the trial court erred in entering judgment against Martinez, Jr., because the evidence established, as a matter of law, that the action taken was in defense of his father. The court instructed the jury on the law of self-defense and further stated that the defense was available where a party acted in defense of another.

We find it difficult to understand how self-defense could be established as a matter of law, when the key factor to be determined is what was the defendant's state of mind at the time of his actions. However, we need not address that issue here. The cross appellant at trial stated that he hit the appellant in response to the appellant's attack on him, not because of the attack upon his father. The jury apparently found this statement to be true and concluded that his actions were not justified under a theory of self-defense. We, therefore, decline to find that the evidence established, as a matter of law, that cross-appellant was acting in defense of another.

Cross appellant's second point of error is overruled.

The judgment of the trial court is affirmed.