**William Dewitt CHAMBERLAIN a/k/a William Dewitt Chamberlin, Appellant,**

v.

**Thomas Carl STORCH and Connie Storch, Appellees.**

**No. 11–86–207–CV.**

Court of Appeals of Texas, Eastland.

Oct. 15, 1987.

Rehearing Denied Nov. 12, 1987.

Ben Sudderth, Comanche, for appellant.

James D. Norvell, David Zimmerman, Norvell, Connally & Haigler, Abilene, for appellees.

OPINION

McCLOUD, Chief Justice.

Thomas Carl Storch, joined by his wife, Connie Storch, sued William Dewitt Chamberlain seeking damages for personal injuries sustained by Thomas Storch when Chamberlain shot Storch with a pistol during a fight.

The jury awarded damages of $70,500 and rejected defendant's plea of self-defense. Defendant appeals. We reverse and remand.

In Special Issue No. 5, the jury found that $20,000 would reasonably compensate

Storch for his injuries. The issue contained the following instruction:

You may consider the following elements of damage, if any, and no other:

a) Physical pain and *mental anguish* in the past.

b) Physical pain and *mental anguish* which, in reasonable probability, he will suffer in the future.

c) Loss of earnings in the past.

d) Loss of earning capacity which, in reasonable probability, he will sustain in the future.

Answer in Dollars and Cents, if any.

ANSWER: $20,000.00 (Emphasis added)

Dr. Rexford K. Anderson testified by deposition for the plaintiffs. While describing Storch's injuries and limitations, the doctor stated in response to questions by plaintiffs' attorney:

Q: Would he be able to play tennis?

A: Not well.

Q: Will he be able to play basketball?

A: Not very—again, not well.

Q: Football?

A: Not very well, at all.

Q: If he wants to play sports with his children, will he be impaired in that?

A: Yes, that is true. Yes, he will.

During cross-examination, Storch testified as follows:

Q: There has been some testimony yesterday read into the record by your attorney from a doctor in Abilene, a deposition that was taken indicating that this might interfere with your playing games with your children, basketball, football and things of that nature. Do you remember that?

A: Yes, sir, I do.

Q: At that time were you able to do those things?

A: Before I got shot?

Q: Yes, sir.

A: Yes, sir, I was.

Q: And are you claiming at this time that you cannot do those things?

A: Yes, sir, I am.

Q: Are you claiming that you would do it if it were not for the fact that you are injured?

A: Yes.

Q: This injury that you have sustained you claim was what would stand in the way of you being able to play football and basketball and play games and frolic and enjoy these children and they enjoy you. Is that correct?

A: That is correct.

Q: But, of course, you understood that that was the purpose for reading that testimony into the record yesterday, did you not?

A: Yes, sir.

Defendant had in his possession a written statement given to the Early Police Chief, signed by Storch and dated April 24, 1986 (a few weeks before trial), in which Storch admitted that he had physically abused his two small boys. Defendant sought to cross-examine Storch regarding the abusive acts described in the statement. The trial court sustained plaintiffs' objection to the proposed cross-examination.

In perfecting his bill of exception, defendant developed evidence that on April 22, 1986, Storch slapped his five-year-old stepson, Josh, across the forehead and knocked him down because he thought the boy dropped a glass of tea on the carpet. Also, in September 1985, Storch slapped Josh across the forehead. After the September incident, Storch and his wife had an argument about Storch hitting Josh. They decided to separate. In December 1985, Storch promised that he would "not slap the kids around anymore" and "went back together" with his wife. On March 20, 1986, Storch told his two-year-old son, Johnaton, to get his shoes. When the child said "no," Storch broke the skin on the child's left temple by popping the child with a towel. Around April 1, 1986, Storch hit Josh in the stomach with his fist because the child would not clean up his room. Two days later, the child was taken by Storch's wife to the hospital because his neck was hurting.

Defendant contends that the trial court erred in not permitting him to cross-exam-

ine Storch regarding these physically abusive acts. The trial court stated that the evidence was being excluded under TEX.R. EVID. 404(a)(2)[1] because the child-abuse incidents occurred after April 27, 1985, the date of the assault. Defendant expressly stated to the court that the evidence was being tendered on the issue of damages. Defendant suggested to the trial court that an instruction could be given to the jury informing the jury that the evidence be considered only on the issue of damages.[2]

Defendant argues that the evidence was relevant and that the probative value was not substantially outweighed by the danger of unfair prejudice. We agree.

Relevant evidence is defined in TEX.R. EVID. 401 as:

[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

TEX.R.EVID. 403 contains special grounds for excluding relevant evidence. The rule provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Plaintiffs introduced evidence by the treating doctor's deposition that Storch will be impaired in playing "sports with his children." Then, on cross-examination, Storch testified that before he was injured, he could play games, such as basketball and football, with his children but because of the injury he could no longer do these things. He stated that he would play games with the children if it were not for the fact that he was injured. Plaintiffs

alleged that Storch suffered and would continue to suffer great "mental anguish."

This evidence presented Storch as a caring father who enjoyed playing basketball and football with his children. Because of the injury, he could no longer enjoy the children, and they could not enjoy him.

■ We hold that the court erred in not permitting the defendant to cross-examine Storch regarding the physically abusive acts toward his children which he admitted only a few weeks before trial. The relationship that Storch had with his children was relevant. He was seeking damages for mental anguish; and he told the jury that, because of the injury, he could no longer play with and enjoy his children. The jury should have been permitted to hear the rejected evidence and then determine, in assessing the mental anguish issue, if Storch was, in fact, a kind, sensitive, loving father who enjoyed playing with his children, or whether he was a thoughtless, selfish, insensitive person who physically abused his children. See *Foster v. Bailey,* 691 S.W.2d 801 (Tex.App.—Houston [1st Dist.] 1985, no writ). We hold that the probative value of the tendered evidence was not "substantially outweighed" by the danger of "unfair prejudice." The defendant should have been permitted to present evidence challenging the extent of Storch's mental anguish.

■ We disagree with Storch's contention that if any error occurred, it was harmless. Plaintiffs sought damages for mental anguish, evidence of a destroyed family relationship was before the jury, and the court's charge instructed the jury to consider "mental anguish" in answering Special Issue No. 5. We hold that the exclusion of the evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.APP.P. 81.

1. Rule 404(a)(2) provides:
(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
(2) Character of alleged victim of assaultive conduct. Evidence of character for violence

of the alleged victim of assaultive conduct offered on the issue of self-defense by party accused of the assaultive conduct, or evidence of peaceable character to rebut the same.

2. See *Texas Rules of Evidence Handbook,* 20 HOUS.L.REV. 163 at 167–168 (1983).

We disagree with the defendant's argument that the court erred in not granting his motion for judgment notwithstanding the verdict. The jury found in Special Issue No. 10 that the conduct of Storch would provoke a reasonably prudent man to commit an assault. However, in Special Issue No. 9, the jury found that defendant was not acting in self-defense when he fired the shot that hit Storch in the leg. The court in *Taylor v. Gentry*, 494 S.W.2d 243 (Tex.Civ.App.—Fort Worth 1973, no writ), stated that "provocation" may be considered in "mitigation" of damages. A proper mitigation of damages instruction was given in the instant case. Defendant's reliance upon *Diaz v. Deavers*, 574 S.W.2d 602 (Tex.Civ.App.—Tyler 1978, writ dism'd), is misplaced. The court in *Diaz* held that a finding of "self-defense" will bar a plaintiff from recovery of damages; the court did not hold that a finding of "provocation" will bar a recovery.

The judgment of the trial court is reversed, and the cause is remanded.