**SILVER SPUR ADDITION HOME-OWNERS, an Unincorporated Association, Appellant,**

v.

**CLARKSVILLE SENIORS APARTMENTS, a Limited Parntership, and Robert D. Parker, Sr., Appellees.**

No. 6–92–119–CV.

Court of Appeals of Texas, Texarkana.

Feb. 2, 1993.

Rehearing Overruled March 9, 1993.

Rehearing Overruled April 14, 1993.

Edward E. Ellis, Ellis & Clark, Paris, for appellant.

Dan C. Coffey, Hayes, Coffey, Berry, Denton, for appellee Clarksville Seniors Apts.

Charles L. Waldrum, McWhirter & Waldrum, Paris, for appellee Robert D. Parker, Sr.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Silver Spur Addition Homeowners, An Unincorporated Association, appeals from a summary judgment granted in favor of Clarksville Seniors Apartments, A Limited Partnership, in a suit filed by Silver Spur seeking to enjoin the Seniors Partnership from constructing apartments on lots 37 through 43 in the Silver Spur Addition in Clarksville, Texas. The trial court's order interprets the restrictive covenants applicable to the Addition to allow construction of apartments on these lots in the Silver Spur Addition.[1]

Silver Spur contends that the trial court erred in granting Seniors Partnership's motion for summary judgment. Seniors Partnership makes three cross-points of error, all regarding the trial court's refusal to award attorney's fees.

---

1. Silver Spur also asserted a cause of action against Robert D. Parker, Sr., which the trial court has severed from the present case.

Seniors Partnership wants to build apartment houses and a seniors' center on property that it owns in the Silver Spur Addition. Seniors Partnership has spent $21,000 to buy the lots and $107,000 in construction costs, and it has obtained $630,940 in loan commitments for the project.

Building construction in the addition is governed by certain building restrictions in the form of restrictive covenants. These were created in 1977 by the then owners of the land, Robert D. Parker, Sr., W.L. Risinger, and Jerry Chandler. The restrictions were duly filed and were in effect when Seniors Partnership took title to the property in question. In its suit, Silver Spur seeks a permanent injunction to enforce the restrictions and prevent the building of the apartments on lots 37 through 43.

The focal point of this dispute is the legal construction of the following two sections from the building restrictions:

### 1.

Only ONE (1) family residences may be erected, altered, placed, or be permitted to remain on any of the lots in said addition; and said lots shall not be used for any business purposes of any kind, except apartment houses.

### 2.

All of the lots of the Silver Spur Addition numbered one (1) through six (6), and lots numbered eighty-seven (87) through one hundred twelve (112) shall be restricted to ONE (1) family brick residences, with not less than 1500 square feet of living area and shall be set back 30 feet from the front street right-of-way.

With the exception of lots numbered twenty-two (22) through thirty-four (34), the remainder of the lots designated on the plat of the Silver Spur Addition shall be restricted to ONE (1) family dwelling houses containing not less that (sic) 1200 square feet of living area.

The summary judgment proof before the trial court consisted of a copy of the building restrictions, the deed conveying the property from Robert D. Parker, Sr., to Seniors Partnership, and a number of affidavits.

The trial court found that the building restrictions as drafted in 1977 expressly allow for the building of apartment houses on lots 37 through 43 and granted Seniors Partnership's motion for summary judgment.

In reviewing a summary judgment, appellate courts in Texas should resolve any doubts in favor of the nonmoving party. *Gonzalez v. Mission American Ins. Co.,* 795 S.W.2d 734, 736 (Tex.1990). The motion and supporting affidavits must establish that the movant is entitled to judgment as a matter of law. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991).

■ We agree with the trial court that if any ambiguity is found to exist in the terms of the building restrictions then such ambiguity should be resolved in favor of the least restrictive reasonable interpretation. *See, e.g., Wilmoth v. Wilcox,* 734 S.W.2d 656, 657 (Tex.1987) (restrictive covenants are to be strictly construed against enforcement).

■ Therefore, we must examine the instrument containing the restrictive covenants in order to determine if there is an ambiguity. An ambiguity exists in a restrictive covenant when it is susceptible of two or more meanings. *Memorial Hollow Architectural Control v. Mapes,* 610 S.W.2d 230 (Tex.Civ.App.–Houston [14th Dist.] 1980, no writ). If there is no ambiguity, the court must determine the intent from the language used in the document. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). In construing the intent, a court is not to concern itself with the merits of restrictions because the parties to the restrictions had a right to adopt any type of restrictions they chose.

Seniors Partnership contends that the first section of the building restrictions expressly allows for the construction of either houses or apartments on any of the lots in the Silver Spur Addition. According to Seniors Partnership, the second section

only applies to when houses, instead of apartments, are to be built.

■■■ The only mention of apartment houses is in the opening paragraph as an exception to an exclusion. Generally, the function of an exception is to exempt something absolutely from the operation of an agreement, but this exception is not made to the general mandate of one-family residences but is made as an exception to the use of lots for business purposes. Ordinarily, exceptions are construed as limitations on the language in the agreement that precedes them. *Frost v. Smith*, 207 S.W. 392 (Tex.Civ.App.—Austin 1918), *rev'd on other grounds*, 254 S.W. 926 (Tex. Comm'n App. 1923, judgm't adopted).

The rule of construction urged by the Seniors Partnership is that if two provisions of the contract are conflicting, the provision which appears first controls; however, this secondary rule of construction is applicable to only if there is irreconcilable conflict between the provisions. *Spiritas v. Robinowitz*, 544 S.W.2d 710 (Tex.Civ.App.–Dallas 1976, writ ref'd n.r.e.).

■■■ A writing must be interpreted as a whole. *See* RESTATEMENT (SECOND) OF CONTRACTS § 202(2) (1981); *Coker*, 650 S.W.2d 391. When read as a whole, Section 1 of the restrictive covenants cannot be construed to grant absolute rights to build any single-family dwelling of any size or any apartment house on any lot. It does not mandate an option between family residences and apartment houses on every lot. It can only be construed as a general statement establishing the types of structures that could be built in the subdivision as a whole. It is Section 2 of the restrictive covenants that establishes what can be built on specifically enumerated lots. Specific and exact terms are given greater weight than general language. RESTATEMENT (SECOND) OF CONTRACTS § 203 (1981). Thus, we find as a matter of law that the instrument is not ambiguous and that it provides that apartment houses may be built only on lots 22 through 34 to which specific restrictions are not applied. We find that the trial court erred in granting summary judgment to the Seniors Partnership.

Based upon our ruling, the Seniors Partnership is not entitled to attorney's fees, and therefore the three cross-points of error concerning attorney's fees are overruled.

The judgment of the trial court is reversed, and this cause is remanded to the court below for action consistent with this ruling.

## ON MOTION FOR REHEARING

■■ In its motion for rehearing, Seniors Partnership contends that by using the plural *residences* as opposed to the singular *residence* in the phrase "Only ONE (1) family residences may be erected, altered, placed, or be permitted to remain on any of the lots," the drafters expressed an intent to allow apartment buildings on all of the lots in the addition. This matter was not discussed in our original opinion, so we now address it.

In support of this proposition, Seniors Partnership relies heavily on *MacDonald v. Painter*, 441 S.W.2d 179 (Tex.1969). In *MacDonald*, the Supreme Court of Texas stated broadly that "The plural term, 'residences,' shows an intent to permit more than a single residence." *Id.* at 183. However, the covenant language in the present case is distinguishable from that used in *MacDonald*. In the present case, the term *residences* is preceded by the words "ONE" and "family," so that a phrase is created which reads "ONE (1) family residences." This phrase was not present in the covenant language construed in *MacDonald*. The word *one* in this context does not modify *residences* because one is singular and residences is plural; therefore, the word *one* modifies family. In the *MacDonald* case, the Supreme Court determined that *residences* could mean duplexes, but here the word *residences* is modified to be one family residences, which we construe to limit construction to one family houses, not apartment houses. This type of language is used to prevent duplexes, apartments, and other excluded uses which

would accommodate more than one family. *Kent v. Smith,* 410 S.W.2d 833 (Tex.Civ. App.–Tyler 1967, no writ).

We would also point out that the plural of *residences* is included in a sentence that states that they may be placed "on any of the lots." The word *any* can be plural and can mean *every* or *all.* Thus, this sentence can properly be construed as referring to all of the lots, making the term *residences* appropriate in the plural form.

The motion for rehearing is overruled.