Reversed and Remanded and Memorandum Opinion filed May 18, 2006









Reversed and Remanded and Memorandum Opinion filed May 18, 2006.

 

                                                                                                                                                     

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00061-CV

____________

 

RELIANCE CAPITAL,
INC.,
Appellant

 

V.

 

G.R. HMAIDAN, INC.
AND ISAM HMAIDAN, Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 2000-29229A

 



 

M E M O R A N D U M   O P I N I O N








Appellant Reliance Capital, Inc. (AReliance@) appeals the
granting of a summary judgment in favor of G.R. Hmaidan, Inc. and Isam Hmaidan
individually (AHmaidan@).  In four points of error, Reliance contends
that the trial court erred in: (1) granting summary judgment based on res
judicata; (2) allowing Hmaidan=s attorney=s affidavit to
serve as the sole basis for granting summary judgment; (3) granting summary
judgment when a Mary Carter agreement existed; and (4) denying Reliance=s motion for
summary judgment.  We reverse and remand.

Background

This appeal arises out of Hmaidan=s non-payment of
three promissory notes currently  owned
by Reliance.  Hmaidan had entered into an
asset purchase agreement with Bert Wheeler=s Liquor=s Inc. to buy
several liquor stores, and the notes were used to finance the agreement.  G.R. Hmaidan, Inc. d/b/a Copperfield Liquor
executed and delivered the first note (ANote A@) on June 6,
2000.  Isam Hmaidan, individually, also
executed and delivered a note (ANote B@) on June 6, 2000,
and G.R. Hmaidan, Inc. d/b/a Copperfield Liquor executed and delivered the
third note (ANote C@) on August 8,
2000.  All three notes were made payable
to corporation La Villita del Norte (ALa Villita@).[1]  La Villita transferred the notes to Reliance
in September 2000, at which time Hmaidan began making payments to
Reliance.  Hmaidan defaulted on the
notes. 

The original underlying litigation (Athe main case@) involved
landlord Greatland Investments, Inc. (AGreatland@), who sued tenant
Bert Wheeler=s Inc. and BWI Merger Co. (collectively ABert Wheeler=s One@) and Bert Wheeler
Liquors, Inc. (ABert Wheeler=s Two@) for breach of a
lease agreement for one of the liquor stores involved in the Hmaidan
purchase.  Attorney Todd A. Prins
represented Bert Wheeler=s Two and filed an original answer.  Bert Wheeler=s One filed, inter
alia, a third-party action against Hmaidan. 








In April 2001, Greatland added La Villita
as a defendant in the main case to include a claim for fraudulent
conveyance.   Specifically, Greatland
alleged that Bert Wheeler=s Two had sold its inventory and other
assets to Hmaidan in exchange for the promissory notes made payable to La
Villita in an attempt to defraud Greatland. 
Prins also represented La Villita, but he withdrew as attorney of record
for both Bert Wheeler=s Two and La Villita in May 2001.  The trial court granted summary judgment for
Greatland on September 4, 2001, declaring that the transfer was void and that
the notes belonged to Bert Wheeler=s Two.

In September 2001, Hmaidan brought a
third-party claim against Reliance after discovering that La Villita had
transferred the notes to Reliance. 
Hmaidan=s claims against Reliance were severed on
November 14, 2001, creating the AA@ cause from which
this appeal directly derives.  This
severance occurred after Hmaidan had settled with Greatland in what Reliance
characterizes as a Mary Carter agreement. 
Reliance also alleges that it was not served with Hmaidan=s third-party
action until November 29, 2001. 

In January 2003, Todd A. Prins, now
representing Reliance in the A cause, filed a counterclaim against Hmaidan,
seeking to recover on claims based on the promissory notes at issue in the main
case.  In May 2004, Reliance filed its
motion for summary judgment based on breach of contract.  Hmaidan filed a motion for summary judgment
on June 25, 2004 on theories of res judicata and collateral estoppel.  After overruling Reliance=s objection to the
admission of Hmaidan=s attorney=s affidavit, the
trial court granted Hmaidan=s motion for
summary judgment and denied Reliance=s on November 12,
2004.

Standard of Review








Under the traditional standard for summary
judgment, the movant has the burden to show that no genuine issue of material
fact exists and that the movant is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
When, as here, both parties move for summary judgment and the trial
court grants one motion and denies the other, the reviewing court should review
the summary judgment evidence presented by both sides, determine all questions
presented, and render the judgment the trial court should have rendered.  Tex. Workers' Comp. Comm'n v. Patient
Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004).  When, as here, a trial court=s order granting
summary judgment does not specify the grounds relied upon, we must affirm
summary judgment if any of the summary judgment grounds are meritorious.  Oliphint v. Richards, 167 S.W.3d 513,
515-16 (Tex. App.CHouston [14th Dist.] 2005, pet. denied).

Attorney=s Affidavit

Reliance also made an evidentiary
challenge in this case.  We review a
trial court=s ruling on an evidentiary matter under an
abuse of discretion standard.  Owens‑Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  A trial court abuses its discretion when it
rules without regard for any guiding rules or principles.  Id. 
We must uphold the trial court's evidentiary ruling if there is any
legitimate basis for the ruling.  Id.  Moreover, we will not reverse an erroneous
evidentiary ruling unless the error probably caused the rendition of an
improper judgment.  Id.  








In its second point of error, Reliance
argues that the trial court should not have granted summary judgment based
solely on the affidavit of Richard Kaplan, Hmaidan=s attorney.[2]
Reliance characterizes Kaplan=s affidavit as a
violation of Rule 3.08 of the Texas Disciplinary Rules of Professional
Conduct.  Rule 3.08 prohibits attorneys
from serving as  advocates when they know
or believe that they may be witnesses necessary to establish an essential fact
on behalf of their clients, unless:

(1) the testimony relates to an
uncontested issue; 

(2) the testimony will relate
solely to a matter of formality and there is no reason to believe that
substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the
nature and value of legal services rendered in the case;

(4) the lawyer is a party to the
action and is appearing pro se; or

(5) the lawyer has
promptly notified opposing counsel that the lawyer expects to testify in the
matter and disqualification of the lawyer would work substantial hardship on
the client.

Tex. R. Disciplinary P. 3.08(a)(1)-(5)
(Vernon 2005).  When an attorney who
represents a party is an affiant in support of a motion for summary judgment,
he or she is a witness.  Aghili v.
Banks, 63 S.W.3d 812, 817 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied). 

In his affidavit, Kaplan testified that
according to the records of the Nevada Secretary of State and the Texas
Secretary of State, the registered addresses for La Villita=s agent and Helen
Berridge, Reliance=s president, were identical.  According to Kaplan, that address also
belonged to Columbia Industries, Inc., whose president, Ronald J. Hermann, was
also the president of Bert Wheeler=s Two and La
Villita.  Kaplan further testified that
Hermann presumably was the same corporate representative whom attorney Prins
formerly Arepresented to this Court in his Motion to
Withdraw that he was unable to >communicate with= but is now
apparently representing in the instant case.@  Kaplan also testified that Prins had filed a
lawsuit on behalf of Reliance that was dismissed on November 14, 2001.  According to Kaplan, the complaint was
verified by Berridge and dealt with one of the promissory notes. 








Based on the above facts, Kaplan
concluded: 

In my professional
opinion, there is an identity of parties or those in privity with them between
this suit and the underlying lawsuit, a final judgment on the merits of the
claims at issue here was entered in the underlying lawsuit by a court of
competent jurisdiction and this action is based on the same claims as were or
could have been raised in the underlying lawsuit.  It is also my professional opinion that the
facts sought to be litigated in this action were fully and fairly litigated in
the underlying lawsuit, the facts at issue in this suit were essential to the
judgment in the underlying lawsuit and the parties litigating this action and
the issues in it were cast as adversaries in the underlying lawsuit.

We agree with Reliance that Kaplan=s testimony
violated Rule 3.08.  In Mauze v. Curry,
861 S.W.2d 869, 70 (Tex. 1993), the Texas Supreme Court held that the trial
court abused its discretion in failing to disqualify the plaintiff=s attorney, John
Bevil, who testified as an expert witness in an affidavit to defeat the
defendant=s motion for summary judgment in a legal
malpractice case.  In his affidavit, Bevil
opined that defendant George W. Mauze=s negligence
caused the plaintiff=s injuries.  Id. at 869.  Bevil=s affidavit was
the only expert testimony regarding malpractice and causation.  Id. 
Mauze filed a motion to disqualify Bevil, which the trial court
denied.  Id. at 869-70.  The supreme court held that the trial court
abused its discretion in admitting the affidavit because Bevil=s testimony did
not fall within any of the exceptions under Rule 3.08.  Id. at 870.








Similarly, in Aghili v. Banks, 63
S.W.3d 812, 819 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied), we held that the trial court abused its discretion
in overruling the plaintiffs= objection that
the defendant=s attorney=s affidavit was
incompetent as summary judgment evidence. 
In Aghili, the plaintiffs= homes were
foreclosed after they failed to pay certain fees to a homeowners= association.  Id. at 815.  The plaintiffs then sued attorney John Banks,
who had facilitated the sale, as well as the owners= association, its
management company, and the buyer, for unlawful foreclosure.  Id. 
Banks represented himself and the other defendants in that action.  Id. at 818.  Quoting Justice Phillips= dissenting
opinion in Anderson Producing, Inc. v. Koch Oil Co., 929 S.W.2d 416, 426
(Tex. 1996), we asserted that courts Ashould not allow
attorneys . . . to sign on as counsel, prepare the entire case for trial, and
then present the case . . . through their own testimony@ and stated that
this rationale is also applicable to summary judgment proceedings.  Id. at 818.[3]  We also reasoned that Banks should not have
been permitted to testify by affidavit in the summary judgment proceeding
because A[t]he preservation
of public trust both in the scrupulous administration of justice and in the
integrity of the bar is paramount@ and A[t]he practice of
attorneys furnishing from their own lips and on their own oaths the controlling
testimony of their client is one not to be condoned by judicial silence . . . .
nothing short of actual corruption can more surely discredit the profession.@  Id. at 818 (quoting Warrilow v.
Norrell, 791 S.W.2d 515, 523 (Tex. App.CCorpus Christi
1989, writ denied)).[4]








In the instant case, Kaplan=s statements
regarding the address shared by Berridge, La Villita, and Hermann as well as
their representation by Prins were intended to establish privity between
Reliance and La Villita, which is an ultimate issue in the A cause.  Because Kaplan represented Hmaidan in the
summary judgment proceeding and his testimony does not fall within any of the
exceptions to Rule 3.08, we hold that the trial court abused its discretion
when it admitted the affidavit.  We
sustain Reliance=s second point of error, and accordingly,
we need not address its first and third points of error.

Reliance=s Motion for
Summary Judgment 

In its final point of error, Reliance
argues that the trial court should have granted its motion for summary judgment
because it conclusively proved all of the elements of breach of contract and no
issue of material fact exists.  Reliance
also argues that the court erred in striking Berridge=s affidavit in
whole and in part without providing Reliance an opportunity to amend it.  Finally, Reliance contends that the trial
court erred in denying it attorney=s fees.

We hold that the trial court properly
excluded Berridge=s affidavit and therefore did not err in
denying Reliance=s motion for summary judgment.  In her affidavit, Berridge states that  as Reliance=s president, she
is responsible for the Hmaidan accounts, that she is the custodian of Athe business
records of Reliance in regard to [Hmaidan],@ and that she is
familiar with Hmaidan=s obligations to Reliance.  Berridge also describes the three promissory
notes that Hmaidan Apromised to pay to the order of La Villita
Del Norte, Inc.@ and avers that G.R. Hmaidan executed and
delivered personal guarantees of payment to La Villita.  Berridge also states that AReliance Capital,
Inc. is the present owner and holder of the Notes.@  This last statement is conclusory.  Therefore, there is no evidence that Reliance
is the present owner and holder of the notes.[5]         








In support of its argument that it should
have been given an opportunity to amend Berridge=s affidavit,
Reliance cites Texas Rule of Civil Procedure 166a(f), which provides: 

The court may
permit affidavits to be supplemented or opposed by depositions or by further
affidavits.  Defects in the form of
affidavits or attachments will not be grounds for reversal unless specifically
pointed out by objection by an opposing party with opportunity, but refusal, to
amend.

However, because the above-mentioned defects in
Berridge=s affidavit were
substantive, the trial court did not abuse its discretion by not affording
Reliance an opportunity to amend. 
Finally, because Reliance is not entitled to summary judgment, the trial
court did not err in failing to award attorney=s fees to Reliance.[6]  We overrule Reliance=s final point of
error.

In conclusion, we hold that the trial
court did not err in denying Reliance=s motion for
summary judgment.  However, we hold that
the trial court did err in admitting Kaplan=s affidavit.  Accordingly, we reverse and remand this case
for proceedings consistent with this opinion.

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Memorandum Opinion filed May 18, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

 

 











[1]  Note A was for
$411,417.01 and was signed by G.R. Hmaidan. 
Note B was for $191,200.45 and was signed by Isam Hmaidan.  Note C was for $136,922.62 and was signed by
G.R. Hmaidan.  All three notes were
secured by personal guarantees.





[2]  The record includes two affidavits
from Kaplan.  The second affidavit
recites the wording of the first verbatim, including Kaplan=s opinion that privity exists
between Reliance and La Villita.  In
addition, the second affidavit contains paragraphs concerning the addresses of
the corporations= principles and the asset purchase
agreement.  It is this affidavit to which
we refer.





[3]  In Anderson Producing, Inc.,
the Texas Supreme Court held that an attorney who performed pretrial matters
and testified on behalf of his client as the principal witness at trial did not
violate Rule 3.08 because the attorney did not serve as trial counsel.  929 S.W.2d at 423. 

 

 





[4]  In Warrilow, the Thirteenth
Court of Appeals held that the trial court abused its discretion by failing to
disqualify an attorney who testified on behalf of his client as both a material
fact witness and an expert regarding ultimate issues in a jury trial.  791 S.W.2d at 523.  The court noted that the attorney
participated actively in the trial and that his testimony, which went to the
core of the case, could have been offered by other sources.  Id. at 522-23.  

We realize that Warrilow
was decided under Disciplinary Rule 5-102(A) and Disciplinary Rule
5-101(B), which are precursors to Rule 3.08. 
Id. at 519; see also Anderson Producing Inc., 929 S.W.2d
at 423 (stating that Rules 5-102(A) and 5-101(B) are Athe forerunners of current rule
3.08").  However, because the
rule=s substance has not changed, we
believe that Warrilow is instructive in the instant case. 





[5]  Although
Reliance attached an assignment agreement between Reliance and La Villita as an
exhibit to its motion for summary judgment, the trial court sustained Hmaidan=s hearsay objection, and Reliance does not challenge
this ruling on appeal.  





[6]  Reliance argues that Hmaidan
presented no evidence contradicting Reliance=s summary judgment evidence because its response to
Reliance=s motion did not contain Kaplan=s affidavit.  However,
because Reliance filed a traditional motion for summary judgment, Hmaidan had
no burden to produce evidence.  Tex. R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d
551, 556 (Tex. 1989) (stating that the non-movant does not have a burden to
respond to a motion for summary judgment unless a movant establishes its right
to judgment as a matter of law).