**Sharon Lynn HERRINGTON,**
**Appellant,**

v.

**SANDCASTLE CONDOMINIUM**
**ASSOCIATION, Appellee.**

No. 14–05–00168–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 6, 2006.

J. Michael Fieglein, for appellants.

Mynde S. Eisen, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Sharon Lynn Herrington appeals a judgment in favor of Sandcastle Condominium Association ("Sandcastle"). Herrington brought suit against Sandcastle for declaratory judgment and wrongful foreclosure. The trial court found the foreclosure valid and awarded Sandcastle damages for reasonable rent of $13,450 and attorney's fees of $5,453.73. In two issues, Herrington contends the trial court erred in finding the foreclosure valid and awarding damages for reasonable rent and attorney's fees. We reform the judgment to delete the rent award and affirm the judgment as reformed.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties filed an agreed stipulation of facts in which they agreed that Herrington defaulted on payments of condominium assessments she owed Sandcastle. In a January 16, 2003 letter, Sandcastle notified Herrington that she had past due assessments and demanded that she pay $4,907.23 in delinquent assessments and late fees, plus $150 in attorney's fees, by February 15, 2003. The letter also advised Herrington that if she failed to pay by that date, Sandcastle would assert its right to file a lien under the Condominium Declaration (the "Declaration") and proceed with foreclosure under section 51.002 of the Texas Property Code. Herrington failed to pay by the deadline.

On March 10, 2003, Sandcastle sent Herrington a second letter demanding payment and giving notice of foreclosure. On the same date, Sandcastle filed a Notice of Lien and Notice of Substitute Trustee's Sale with the county. On April 1, 2003, Sandcastle conducted a substitute trustee's sale and purchased the property for $4,907.23. It then notified Herrington of its purchase and advised her of her re-

demption rights. After the redemption period expired, Herrington filed suit against Sandcastle for declaratory judgment and wrongful foreclosure. The trial court found the foreclosure valid and awarded Sandcastle damages for reasonable rent and attorney's fees.

### VALIDITY OF FORECLOSURE

■ In her first issue, Herrington claims the trial court erred in finding the foreclosure was valid. She argues that Sandcastle gave her insufficient notice of default under section 51.002 of the Texas Property Code. Subsection (d) of section 51.002 provides as follows:

Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default … with written notice by certified mail *stating that the debtor is in default … and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).*

TEX. PROP.CODE ANN. § 51.002(d) (Vernon Supp.2005) (emphasis added). Subsection (b) provides that notice of the sale "must be given at least 21 days before the date of the sale." *Id.* § 51.002(b). Sandcastle's January 16, 2003 letter provides in pertinent part:

Demand is hereby made that you pay $4907.23, plus accrued interest and $150.00 in attorney's fee[s] on or before February 15, 2003. . . .

The Declaration provides that the Association is granted a lien in its favor for its assessments, including interest thereon at ten percent (10%) per annum. Therefore, if you fail to pay as demanded, the Association will assert it's [sic] lien on your property by filing of a Notice of Lien in the real property records of Galveston County and proceed with foreclosure by exercising its power

of sale pursuant to Section 51.002 of the Texas Property Code.

Herrington claims this was merely a demand for payment and notice of intent to assert a lien under the Declaration, not a notice of default or opportunity to cure the default. She appears to argue that subsection (d) mandates use of the word "default" to satisfy the notice requirement. However, she cites no case law supporting this contention, and we have found none. Moreover, Sandcastle's January 16, 2003 letter stated that Herrington had "past due" assessments, demanded payment of the delinquent amount, and referred specifically to section 51.002, entitled "Sale of Real Property Under Contract Lien." It notified Herrington of its intent to assert its lien if she failed to pay by February 15, 2003, giving her more than twenty days to cure the default. We find this sufficient to constitute notice of default and opportunity to cure default under subsection (d).

■ Herrington also argues that Sandcastle proceeded with foreclosure on the assessment lien before the Declaration permitted it to do so. A condominium owner's obligation to pay levied assessments is secured by a continuing lien on the condominium unit. *Aghili v. Banks,* 63 S.W.3d 812, 816 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). The owners' association creates this lien by recording the condominium declaration, which constitutes both record notice and perfection of the lien. *Id.* No further recordation is required unless so specified by the condominium declaration. *Id.* Herrington points to paragraph 23 of the Declaration, which provides, in part, as follows:

All sums assessed but unpaid for the share of common expenses chargeable to any condominium unit shall constitute a lien on such unit. . . . To evidence such lien, the Board of Managers or the Managing Agent shall prepare a written no-

tice of lien assessment setting forth the amount of such unpaid indebtedness, the name of the owner of the condominium unit and a description of the condominium unit. Such a notice ... shall be recorded in the office of the County Clerk.... Such lien for the common expenses shall attach from the date of failure of payment of the assessment. Such lien *may be enforced by the foreclosure of the defaulting owner's condominium unit by the Association in like manner as a mortgage on real property subsequent to the recording of a notice or claim thereof.*

(emphasis added). Herrington argues that paragraph 23 prevented Sandcastle from taking any foreclosure action under section 51.002 until it first filed a notice of lien with the county and notified her of its lien, both of which occurred on March 10, 2003. She also argues that the March 10 letter was her first notice of default, pointing out that it specified, "This letter constitutes formal notice to you that you are in default," made "[f]ormal demand" for payment, referred to subsection (d), and gave her twenty days to cure the default. Thus, according to Herrington, Sandcastle could not give notice of sale until twenty days later on March 30, 2003.

We find Herrington's argument unpersuasive. Paragraph 23 requires Sandcastle to record a written notice of an assessment lien with the county before foreclosure. Nowhere does it require Sandcastle to provide Herrington with written notice, which is governed by section 51.002. Further, although Sandcastle recorded its *notice of sale* on March 10, 2003, the *foreclosure* of Herrington's property occurred subsequent to that date and thus complied with paragraph 23. As discussed above, Sandcastle's January 16, 2003 letter adequately notified Herrington of default. Although the March 10, 2003 letter referred to notice

of default and subsection (d), it also notified Herrington of a substitute trustee's sale to be held on April 1, 2003, which it held subsequent to recording the assessment lien on March 10, 2003. This was sufficient to satisfy the purpose of section 51.002's notice requirement. *See Johnson v. First S. Props., Inc.,* 687 S.W.2d 399, 402 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.); *see also Onwuteaka v. Cohen,* 846 S.W.2d 889, 892 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (noting that the general purpose of section 51.002 is to provide a minimal level of protection for the debtor). Thus, Sandcastle complied with the Declaration and section 51.002, and the trial court did not err in finding the foreclosure valid. We overrule Herrington's first issue.

## DAMAGES

■ In her second issue, Herrington contends the trial court erred in awarding damages for reasonable rent and attorney's fees. She first argues that damages for reasonable rent of $13,450 were neither pleaded nor proved and thus should not have been awarded. The purpose of pleadings is to give an adversary notice of claims and defenses, as well as notice of the relief sought. *Perez v. Briercroft Serv. Corp.,* 809 S.W.2d 216, 218 (Tex.1991); *see also Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex.2000). A trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent. *Miller v. Towne Servs., Inc.,* 665 S.W.2d 143, 147 (Tex.App.-Houston [1st Dist.] 1983, no writ); *see also* TEX.R. CIV. P. 301 (providing that the "judgment of the court shall conform to the pleadings"). The doctrine of implied consent is intended to cover the "exceptional case" in which the record as a whole clearly shows the parties tried the unpleaded issue. *Greene*

*v. Young,* 174 S.W.3d 291, 301 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).

 In its answer to Herrington's declaratory judgment petition, Sandcastle asserted the affirmative defenses of estoppel, laches, and waiver and further contended that Herrington's petition failed to state a cause of action. Sandcastle did not assert a counterclaim for reasonable rent for the time Herrington lived in the condominium after foreclosure. Thus, this issue was not raised in the pleadings. Further, considering the record as a whole, we find no evidence that the parties tried the issue of reasonable rent by consent. The only reference to reasonable rent in the record occurred during closing argument, when Sandcastle's counsel argued, "To make matters worse, she doesn't pay reasonable rent during this period of time after the foreclosure either and is living there free." In response, Herrington's counsel objected, "There's no evidence of that whatsoever and that is absolutely improper argument in this matter and has no basis in this matter." Because counsel objected to this argument, which Sandcastle did not support with evidence and which does not otherwise appear in the record, Herrington did not try this issue by consent. *See* TEX.R. CIV. P. 67; *cf. Dickerson v. DeBarbieris,* 964 S.W.2d 680, 689 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (finding trial by consent where testimonial evidence and written closing statement supported unpleaded damages and the appellant failed to object on lack of pleading grounds). We hold the damage award for reasonable rent is not supported by pleadings or evidence, and we sustain the portion of Herrington's second issue concerning Sandcastle's award of reasonable rent.

Herrington also argues that because this court should find the foreclosure was wrongful, Sandcastle is not entitled to attorney's fees. Because we affirm the declaratory judgment in Sandcastle's favor, we affirm the trial court's award of attorney's fees. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997) (authorizing award of "reasonable and necessary" attorney's fees in declaratory judgments, provided they are "equitable and just"). We overrule the portion of Herrington's second issue concerning Sandcastle's award of attorney's fees.

### CONCLUSION

Having determined the damage award for $13,450 in reasonable rent is unsupported by pleadings or evidence, we reform the trial court's judgment by deleting this award, and we affirm the judgment as reformed.