Affirmed as Reformed and Opinion filed June 6, 2006









Affirmed as Reformed and Opinion filed June 6, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00168-CV

____________

 

SHARON LYNN
HERRINGTON,
Appellant

 

V.

 

SANDCASTLE
CONDOMINIUM ASSOCIATION, Appellee

 



 

On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause No. 04CV0180

 



 

O P I N I O N

Appellant Sharon Lynn Herrington appeals a
judgment in favor of Sandcastle Condominium Association (ASandcastle@).  Herrington brought suit against Sandcastle
for declaratory judgment and wrongful foreclosure.  The trial court found the foreclosure valid
and awarded Sandcastle damages for reasonable rent of $13,450 and attorney=s fees of
$5,453.73.  In two issues, Herrington
contends the trial court erred in finding the foreclosure valid and awarding
damages for reasonable rent and attorney=s fees.  We reform the judgment to delete the rent
award and affirm the judgment as reformed.








Factual and
Procedural Background

The parties filed an agreed stipulation of
facts in which they agreed that Herrington defaulted on payments of condominium
assessments she owed Sandcastle.  In a
January 16, 2003 letter, Sandcastle notified Herrington that she had past due
assessments and demanded that she pay $4,907.23 in delinquent assessments and
late fees, plus $150 in attorney=s fees, by
February 15, 2003.  The letter also
advised Herrington that if she failed to pay by that date, Sandcastle would assert
its right to file a lien under the Condominium Declaration (the ADeclaration@) and proceed with
foreclosure under section 51.002 of the Texas Property Code.  Herrington failed to pay by the deadline.

On March 10, 2003, Sandcastle sent
Herrington a second letter demanding payment and giving notice of
foreclosure.  On the same date,
Sandcastle filed a Notice of Lien and Notice of Substitute Trustee=s Sale with the
county.  On April 1, 2003, Sandcastle
conducted a substitute trustee=s sale and
purchased the property for $4,907.23.  It
then notified Herrington of its purchase and advised her of her redemption
rights.  After the redemption period
expired, Herrington filed suit against Sandcastle for declaratory judgment and
wrongful foreclosure.  The trial court
found the foreclosure valid and awarded Sandcastle damages for reasonable rent
and attorney=s fees.

Validity of
Foreclosure

In her first issue, Herrington claims the
trial court erred in finding the foreclosure was valid.  She argues that Sandcastle gave her
insufficient notice of default under section 51.002 of the Texas Property
Code.  Subsection (d) of section 51.002
provides as follows:

Notwithstanding
any agreement to the contrary, the mortgage servicer of the debt shall serve a
debtor in default . . . with written notice by certified mail stating that
the debtor is in default . . . and giving the debtor at least 20 days to cure
the default before notice of sale can be given under Subsection (b).








Tex. Prop. Code Ann. _ 51.002(d) (Vernon Supp. 2005)
(emphasis added).  Subsection (b)
provides that notice of the sale Amust be given at
least 21 days before the date of the sale.@  Id. _ 51.002(b).  Sandcastle=s January 16, 2003
letter provides in pertinent part:

Demand is hereby made that you pay
$4907.23, plus accrued interest and $150.00 in attorney=s fee[s] on or before February 15,
2003. . . .

The Declaration provides that the Association is granted a
lien in its favor for its assessments, including interest thereon at ten
percent (10%) per annum.  Therefore, if
you fail to pay as demanded, the Association will assert it=s [sic] lien on
your property by filing of a Notice of Lien in the real property records of
Galveston County and proceed with foreclosure by exercising its power of sale
pursuant to Section 51.002 of the Texas Property Code.

Herrington claims this was merely a demand
for payment and notice of intent to assert a lien under the Declaration, not a
notice of default or opportunity to cure the default.  She appears to argue that subsection (d)
mandates use of the word Adefault@ to satisfy the
notice requirement.  However, she cites
no case law supporting this contention, and we have found none.  Moreover, Sandcastle=s January 16, 2003
letter stated that Herrington had Apast due@ assessments,
demanded payment of the delinquent amount, and referred specifically to section
51.002, entitled ASale of Real Property Under Contract Lien.@  It notified Herrington of its intent to
assert its lien if she failed to pay by February 15, 2003, giving her more than
twenty days to cure the default.  We find
this sufficient to constitute notice of default and opportunity to cure default
under subsection (d). 








Herrington also argues that Sandcastle
proceeded with foreclosure on the assessment lien before the Declaration
permitted it to do so.  A condominium
owner=s obligation to
pay levied assessments is secured by a continuing lien on the condominium
unit.  Aghili v. Banks, 63 S.W.3d
812, 816 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  The owners= association
creates this lien by recording the condominium declaration, which constitutes
both record notice and perfection of the lien. 
Id.  No further recordation
is required unless so specified by the condominium declaration.  Id. 
Herrington points to paragraph 23 of the Declaration, which provides,
in part, as follows:  

All sums assessed
but unpaid for the share of common expenses chargeable to any condominium unit
shall constitute a lien on such unit . . . . 
To evidence such lien, the Board of Managers or the Managing Agent shall
prepare a written notice of lien assessment setting forth the amount of such
unpaid indebtedness, the name of the owner of the condominium unit and a
description of the condominium unit. 
Such a notice . . . shall be recorded in the office of the County Clerk
. . . .  Such lien for the common
expenses shall attach from the date of failure of payment of the
assessment.  Such lien may be enforced
by the foreclosure of the defaulting owner=s condominium unit
by the Association in like manner as a mortgage on real property subsequent to
the recording of a notice or claim thereof.

(emphasis added). 
Herrington argues that paragraph 23 prevented Sandcastle from taking any
foreclosure action under section 51.002 until it first filed a notice of lien
with the county and notified her of its lien, both of which occurred on March
10, 2003.  She also argues that the March
10 letter was her first notice of default, pointing out that it specified, AThis letter
constitutes formal notice to you that you are in default,@ made A[f]ormal demand@ for payment,
referred to subsection (d), and gave her twenty days to cure the default.  Thus, according to Herrington, Sandcastle
could not give notice of sale until twenty days later on March 30, 2003.








We find Herrington=s argument
unpersuasive.  Paragraph 23 requires
Sandcastle to record a written notice of an assessment lien with the county
before foreclosure.  Nowhere does it
require Sandcastle to provide Herrington with written notice, which is governed
by section 51.002.  Further, although
Sandcastle recorded its notice of sale on March 10, 2003, the foreclosure
of Herrington=s property occurred subsequent to that
date and thus complied with paragraph 23. 
As discussed above, Sandcastle=s January 16, 2003
letter adequately notified Herrington of default.  Although the March 10, 2003 letter referred
to notice of default and subsection (d), it also notified Herrington of a
substitute trustee=s sale to be held on April 1, 2003, which
it held subsequent to recording the assessment lien on March 10, 2003.  This was sufficient to satisfy the purpose of
section 51.002=s notice requirement.  See Johnson v. First S. Props., Inc.,
687 S.W.2d 399, 402 (Tex. App.CHouston [14th
Dist.] 1985, writ ref=d n.r.e.); see also Onwuteaka v. Cohen,
846 S.W.2d 889, 892 (Tex. App.CHouston [1st
Dist.] 1993, writ denied) (noting that the general purpose of section 51.002 is
to provide a minimal level of protection for the debtor).  Thus, Sandcastle complied with the
Declaration and section 51.002, and the trial court did not err in finding the
foreclosure valid.  We overrule
Herrington=s first issue.

Damages

In her second issue, Herrington contends
the trial court erred in awarding damages for reasonable rent and attorney=s fees.  She first argues that damages for reasonable
rent of $13,450 were neither pleaded nor proved and thus should not have been
awarded.  The purpose of pleadings is to
give an adversary notice of claims and defenses, as well as notice of the
relief sought.  Perez v. Briercroft
Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991); see also Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000).  A trial court cannot enter judgment on a
theory of recovery not sufficiently set forth in the pleadings or otherwise
tried by consent.  Miller v. Towne
Servs., Inc., 665 S.W.2d 143, 147 (Tex. App.CHouston [1st
Dist.] 1983, no writ); see also Tex.
R. Civ. P. 301 (providing that the Ajudgment of the
court shall conform to the pleadings@).  The doctrine of implied consent is
intended  to cover the Aexceptional case@ in which the
record as a whole clearly shows the parties tried the unpleaded issue.  Greene v. Young, 174 S.W.3d 291, 301
(Tex. App.CHouston [1st Dist.] 2005, pet. denied).








In its answer to Herrington=s declaratory
judgment petition, Sandcastle asserted the affirmative defenses of estoppel,
laches, and waiver and further contended that Herrington=s petition failed
to state a cause of action.  Sandcastle
did not assert a counterclaim for reasonable rent for the time Herrington lived
in the condominium after foreclosure.  Thus,
this issue was not raised in the pleadings. 
Further, considering the record as a whole, we find no evidence that the
parties tried the issue of reasonable rent by consent.  The only reference to reasonable rent in the
record occurred during closing argument, when Sandcastle=s counsel argued, ATo make matters
worse, she doesn=t pay reasonable rent during this period
of time after the foreclosure either and is living there free.@  In response, Herrington=s counsel
objected, AThere=s no evidence of
that whatsoever and that is absolutely improper argument in this matter and has
no basis in this matter.@ 
Because counsel objected to this argument, which Sandcastle did not
support with evidence and which does not otherwise appear in the record,
Herrington did not try this issue by consent. 
See Tex. R. Civ. P. 67;
cf. Dickerson v. DeBarbieris, 964 S.W.2d 680, 689 (Tex. App.CHouston [14th
Dist.] 1998, no pet.) (finding trial by consent where testimonial evidence and
written closing statement supported unpleaded damages and the appellant failed
to object on lack of pleading grounds). 
We hold the damage award for reasonable rent is not supported by
pleadings or evidence, and we sustain the portion of Herrington=s second issue
concerning Sandcastle=s award of reasonable rent.

Herrington also argues that because this
court should find the foreclosure was wrongful, Sandcastle is not entitled to
attorney=s fees.  Because we affirm the declaratory judgment in
Sandcastle=s favor, we affirm the trial court=s award of
attorney=s fees.  See Tex.
Civ. Prac. & Rem. Code Ann. _ 37.009 (Vernon 1997) (authorizing
award of Areasonable and necessary@ attorney=s fees in
declaratory judgments, provided they are Aequitable and just@).  We overrule the portion of Herrington=s second issue
concerning Sandcastle=s award of attorney=s fees.

Conclusion

Having determined the damage award for
$13,450 in reasonable rent is unsupported by pleadings or evidence, we reform
the trial court=s judgment by deleting this award, and we
affirm the judgment as reformed.  

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Opinion filed June 6, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.