**Affirmed and Memorandum Opinion filed February 26, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00984-CV

---

### JUNG JU CHANG, Appellant

### V.

### H-MART HOUSTON, INC., Appellee

---

**On Appeal from the County Civil Court at Law No 4**
**Harris County, Texas**
**Trial Court Cause No. 1035736**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Jung Ju Chang, appeals the trial court's judgment in a forcible-detainer action brought by appellee, H-Mart Houston, Inc. ("H-Mart"). In two issues, Chang (1) contends H-Mart's pleadings were insufficient to support the ground for eviction, and (2) challenges the ground for eviction. We affirm.

# I. BACKGROUND

H-Mart and Chang entered into a written License Agreement permitting Chang to operate a fast-food restaurant within premises owned by H-Mart. In July 2013, H-Mart brought a forcible-detainer action against Chang, alleging, *inter alia*, that she remained in possession of the space after the license expired on June 30, 2013. A justice court granted the relief. Chang then appealed to a county court– the underlying trial court in the present action.

The trial court conducted a bench trial. On October 24, 2013, the trial court signed a judgment, awarding possession of the space to H-Mart, ordering Chang to vacate by October 31, 2013, and awarding H-Mart $29,594.15 in damages and attorney's fees. On the same day, the trial court issued findings of fact and conclusions of law. Chang filed this appeal.

# II. SUFFICIENCY OF H-MART'S PLEADINGS

In her first issue, Chang contends the trial court erred by ordering eviction on a ground that was not pleaded by H-Mart. A trial court may not enter judgment on a claim that was not sufficiently pleaded or otherwise tried by consent. *See* Tex. R. Civ. P. 301 ("The judgment of the court shall conform to the pleadings . . . ."); *Stoner v. Thompson*, 578 S.W.2d 679, 682–83 (Tex. 1979); *Herrington v. Sandcastle Condominium Ass'n*, 222 S.W.3d 99, 102 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Texas follows a "fair notice" standard for pleading, meaning we consider whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Id.* at 897. A court should liberally construe a petition in favor of the pleader if no special exceptions are filed. *Id.*

According to Chang, the eviction order was based on her failure to pay amounts due under the license agreement and H-Mart did not plead that ground. However, the trial court's findings of fact and conclusions of law demonstrate it did not order eviction on that ground. Rather, it ordered eviction because Chang refused to vacate the space when the license expired. Liberally construing H-Mart's petition, it gave Chang fair notice it was seeking eviction on that ground. H-Mart pleaded two alternative grounds for eviction: (1) H-Mart had terminated the license because Chang failed to comply with all restrictions and non-monetary obligations; or (2) even if H-Mart had not terminated the license, it had expired on its own terms.

The trial court awarded H-Mart the reasonable rental value of the space for the period between expiration of the license and the date Chang was ordered to vacate because she failed to pay any license fees during that period. However, that amount represented damages awarded in addition to the eviction. The unpaid fees were not the basis for eviction. Further, H-Mart also pleaded for recovery of such amounts. Accordingly, because the judgment conforms to the pleadings, we overrule Chang's first issue.

### III. EXPIRATION OF THE LICENSE

In her second issue, Chang challenges the trial court's ground for eviction—its conclusion that the license had expired on June 30, 2013. The construction of an unambiguous written contract is a question of law for the court, and we review the trial court's conclusions *de novo*. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 650–51 (Tex. 1999).

Chang argues that the license unambiguously stated there was no expiration date. To the contrary, the license expressly provided that it commenced on June 1, 2010 and expired on "[t]he last day of the **Thrity [sic] Six (36)** calendar months

3

from the Commencement Date"—i.e., June 30, 2013. Additionally, the license contained the following provision:

> **4. Term; Option.** The term of this license shall commence on the Commencement Date and shall end on the Expiration Date, unless terminated sooner or extended as provided herein.
>
>     a.     Intentionally deleted.
>
> . . .

Then, subsection b. of this Paragraph 4 demonstrates the contemplated subsection a. that was "Intentionally deleted" was an option to extend.

On June 7, 2013, Chang notified H-Mart she was exercising her option to extend the license for an additional five years, which H-Mart rejected on the ground there was no such option. The trial court concluded there was no option to extend. Although Chang does not mention any such purported option on appeal, we conclude the trial's court interpretation of the license was correct.

Accordingly, the trial court did not err by concluding the license expired on June 30, 2013 and ordering eviction because Chang refused to vacate the premises upon expiration of the license. We overrule Chang's second issue.

We affirm the trial court's judgment.


                                 /s/      John Donovan
                                           Justice


Panel consists of Justices Donovan, Brown, and Wise.